**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MEGA-C POWER CORPORATION,<br><br>　　　　　Debtor,<br><br>―――――――――――――<br><br>LEWIS CHIP TAYLOR; CHIP TAYLOR, In Trust; JARED TAYLOR; ELGIN INVESTMENTS, INC.; SHARON TAYLOR; NICOLE TAYLOR PIGNATELLI; PAUL PIGNATELLI; COLIN TAYLOR; LOUISE TAYLOR; 1407580 ONTARIO LIMITED; 1248136 ONTARIO LIMITED; MEGA C. TECH., LTD,<br><br>　　　　　Appellants,<br><br>　v.<br><br>AXION POWER INTERNATIONAL, INC.; AXION POWER CORPORATION; ROBERT AVERILL; GLENN PATTERSON; HAP INVESTMENTS, LLC; IGOR FILIPENKO; THOMAS GRANVILLE,<br><br>　　　　　Appellees. | No. 10-60036<br><br>BAP No. 09-1343<br><br>MEMORANDUM[*] |

――――――――――

　　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| In re: MEGA-C POWER CORPORATION, | No. 10-60037 |
| Debtor, | BAP No. 09-1380 |
| GLENN PATTERSON; HAP INVESTMENTS, LLC; IGOR FILIPENKO; THOMAS GRANVILLE; AXION POWER CORPORATION; ROBERT AVERILL; AXION POWER INTERNATIONAL, INC., | |
| Appellants, | |
| v. | |
| LEWIS CHIP TAYLOR; CHIP TAYLOR, In Trust; JARED TAYLOR; ELGIN INVESTMENTS, INC.; SHARON TAYLOR; NICOLE TAYLOR PIGNATELLI; PAUL PIGNATELLI; COLIN TAYLOR; LOUISE TAYLOR; 1407580 ONTARIO LIMITED; 1248136 ONTARIO LIMITED; MEGA C. TECH., LTD, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted November 16, 2011
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Appellants Lewis Chip Taylor, Chip Taylor In Trust, Jared Taylor, Elgin Investments, Inc., Sharon Taylor, Nicole Taylor Pignatelli, Paul Pignatelli, Colin Taylor, Louise Taylor, 1407580 Ontario Limited, 1248136 Ontario Limited, Mega C Tech., Ltd. (collectively, the Taylor Family Group) appeal the bankruptcy appellate panel's (BAP) affirmance of the bankruptcy court's summary judgment dismissal of the Taylor Family Group's claims in an adversary proceeding concerning ownership of the rights to a lead-acid-carbon battery device, filed by Axion Power International, Inc., *et al*, (Axion), in the involuntary bankruptcy action of Mega-C Power Corp., a Chapter 11 debtor. Axion cross-appeals the BAP's affirmance of the Bankruptcy Court's denial of sanctions and contempt. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
We have jurisdiction under 28 U.S.C. § 158, and we affirm.

At the outset, we affirm the BAP's holding and legal analysis that the bankruptcy court had jurisdiction over the Taylor Family Group. The bankruptcy court had personal jurisdiction over the Taylor Family Group insofar as they had

submitted to that personal jurisdiction by appearing and vigorously participating in the instant litigation. This fact was correctly noted both by the BAP and the bankruptcy court. The bankruptcy court had subject matter jurisdiction because this action is a core proceeding under 28 U.S.C. §§ 1334(b) (actions "arising in or related to" a case under title 11) and 157(b)(2) (matters concerning administration of a bankruptcy estate, confirmation of a plan, or another proceeding affecting the parties' legal relationships). Moreover, the bankruptcy court exercised proper subject matter jurisdiction because of its undisputed right to interpret its own orders. *See generally Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326 (9th Cir. 1986); *Huse v. Huse–Sporsem, A.S. (In re Birting Fisheries, Inc.)*, 300 B.R. 489, 499 (9th Cir. BAP 2003).

On the merits, the BAP properly affirmed the bankruptcy court's grant of summary judgment to the Axion Appellees as to the Taylor Family Group's claims by the terms of the Second Amended Plan, which contained a permanent injunction and release of claims. The Second Amended Plan controls because, regardless of the existence of the alleged previous Oral Agreement transferring assets to the Taylor Family Group, the Debtor still would have come into possession of the assets under the terms of the Letter Agreement. First, as to the direct/derivative issue, in bankruptcy court and before the BAP, the Taylor Family Group failed to

4

proffer evidence showing direct harm, as required to prove a direct claim. Second, as to the existence of an Oral Agreement, the Taylor Family Group repeatedly failed to provide credible evidence proving its existence and terms. And now, the Taylor Family Group points to similarly contradictory and inconsistent evidence to contest the terms of the Letter Agreement. All of the Taylor Family Group's arguments are unavailing because they fail to change the ultimate fact that ownership of the assets was transferred to the Debtor and thus passed through the Second Amended Plan. Accordingly, the bankruptcy court properly found, and the BAP properly affirmed, that regardless of any alleged pre-existing agreements, the Second Amended Plan controls and bars the Taylor Family Group's claims.

Notably, the Taylor Family Group raises some new factual and legal arguments relating to the ownership rights in the technology, including, but not limited to contesting the ownership rights of the Technology based upon listing in the Schedules, an alleged "quitclaim" of ownership rights in the Technology, the alleged "executory" nature of the Letter Agreement, and an alleged "double injunction" by the bankruptcy court. These arguments were considered on the merits and deemed not waived because they related to the underlying claims in the litigation—namely, whether "the injunction in the Second Amended Plan does not apply to *Taylor v. Tamboril* because, in the Oral Agreement, C & T agreed to

5

transfer to the Taylor Family Group (Elgin) all assets of C & T." *In re Mega-C Power Corp.,* Nos. NV-09-1343-PADH, NV-09-1380-PaDH, No. 04-50962-GWZ, No. 07-05017-GWZ, 2010 WL 6467668, at *9 (9th Cir. BAP Jun. 29, 2010); *see generally Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). These arguments fail because they lack support in the record, and therefore do not change the Second Amended Plan's control. Accordingly, we affirm the BAP's affirmance of the bankruptcy court's summary judgment dismissal on the merits.

As to Axion's cross-appeal for contempt and sanctions, we affirm the BAP because the bankruptcy court applied the correct legal standard and rendered a factual finding, based on the record, that there was insufficient evidence to find "that any violation of the plan injunction by the Taylor Family Group was intentional, or that contempt sanctions were justified." *In re Mega-C Power Corp.,* 2010 WL 6467668, at *14.

**AFFIRMED.**